## MARGARET PRICE *vs.* WILLIAM S. MOORE.

Middlesex. November 28, 1892. — April 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON MORTON, LATHROP & BARKER, JJ.

*Agreement to Purchase Real Estate — Authority to Sign Name — Ratification.*

In an action against A. B. on a contract in writing to purchase real estate signed by his son, " A. B. by C. D.," it is incumbent on the plaintiff to prove either that the defendant's son had an original authority to sign the defendant's name, or that his act of doing so was afterwards ratified by the defendant.

CONTRACT upon an agreement under seal to purchase real estate, dated May 14, 1891, and executed, in the name of the defendant, by his son, William T. Moore. The defence relied on was that the defendant never made or signed the agreement, or authorized any one to sign it for him. Trial in the Superior Court, before *Bond,* J., who allowed a bill of exceptions, in substance as follows.

Besides the agreement of the plaintiff to sell, and the agreement of the defendant to buy, the land in question, the contract contained particular provisions : that the premises should be conveyed within fourteen days from the date of the contract by a warranty deed conveying a good title free from all encumbrances " except $3,500 ($3,000 of which is at 5 per cent, and $500 at 6 per cent) "; that interest was " to be affixed to date of passing papers "; that for such deed and conveyance the defendant was to pay $6,150, of which $100 was paid when the contract was signed, and that a balance of $2,550 was to be paid in cash on delivery of the deed; that the purchaser was to assume the taxes assessed on May 1, 1891 ; and that the plaintiff was to deliver possession on or before June 1, 1891. On May 23, 1891, the plaintiff offered to perform her part of the agreement by tendering a deed, which the defendant refused to accept. The only question in dispute was whether the defendant had executed or ratified the contract. For the purpose of proving that William T. Moore had been authorized to execute the contract, and that, if he had not been so authorized, the execution of it had been ratified by the defendant, the plaintiff introduced the following evidence.

William T. Moore, who was present as a witness for the defendant, and was called by the plaintiff, testified that he was the son of the defendant, and was a foreman for the defendant in his business, keeping his accounts; that he was married, and lived in the same household with the defendant; that a short time before the date of the contract he had a conversation with the defendant, and learned that the defendant wanted to move from Boston to Somerville, or some place out of town; that he and the defendant intended to live together in whatever house in Somerville was bought, and that the defendant was to buy it; that he and the defendant visited the property referred to, and walked in and around it, on a Sunday prior to the date of the contract, and shortly before the plaintiff became the owner of the property; that word was sent to the defendant's stand in Boston by a real estate agent named Matson, who was the agent of the plaintiff, that the plaintiff was willing to sell the property; that the defendant told the witness that he had better go down and see Matson; that he went to Matson's, taking a blank check with him, and executed the agreement declared on; that he understood his father wanted to buy the property, if he could get it for that price; that his father knew that it was to be bought for him if it was bought; that the witness passed Matson his own check for $100, and then left an order for the examination of the title; that when he got back to the stand, he told his father that he had left an order for the examination of the title; that he did not remember what his father said; that on that day, or a few days after, he told his father it was understood that there had been $100 paid to bind the bargain, and that, if the balance was not paid, this $100 would be forfeited; that he told his father the price that was mentioned in the agreement; that his father did not authorize him to sign his name, and that he did not inform his father that he had done so. The agent Matson testified that he called on the defendant and asked him to pay the balance of the purchase money; and that the defendant said he did not want the property, and that the plaintiff ought to be satisfied with the deposit. The plaintiff herself testified that, when she tendered the deed of the property to the defendant, he said he did not want the property, refused to give any reason therefor, and did not state that his

son had no authority to sign the agreement. Upon the foregoing evidence, the judge ruled that the written agreement offered in evidence by the plaintiff could not be admitted, and that the plaintiff could not maintain her action; and directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs to all the judges.

*J. H. Ponce,* for the plaintiff.

*N. B. Bryant,* for the defendant.

ALLEN, J. It is incumbent on the plaintiff to prove either that the defendant's son had an original authority to sign the defendant's name to the agreement, or that his act of doing so was afterwards ratified by the defendant. There is no sufficient evidence upon either point. The evidence falls short of showing a general authority in the son to bargain for the real estate for his father upon any terms satisfactory to himself; and there is nothing whatever to show that the father had agreed to or even known the various particulars of the contract, as to price, amount and time of cash payment, amount of existing encumbrance, taxes, and time of giving possession. The evidence is equally meagre in respect to ratification. At most, it only went to show an approval of the payment of the one hundred dollars.

*Exceptions overruled.*